FILED
MAR - 9 2010
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERNELL A. DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 10 0390 |
| U.S. PAROLE BOARD, | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's application for leave to proceed *in forma pauperis* and *pro se* complaint. The application will be granted but the complaint will be dismissed.

Plaintiff is a District of Columbia Code offender who was sentenced to two concurrent terms of imprisonment in the Superior Court of the District of Columbia. *See* Compl. at 1, 3 (page numbers designated by the Court). According to plaintiff, he was released on parole in 1991 and his parole term expired in 2004. *Id.* at 1. Plaintiff alleges that, notwithstanding the alleged termination of his parole term, the U.S. Parole Board issued a warrant for his arrest, revoked his parole, and caused his return to custody until June 20, 2011. *Id.* Generally, plaintiff claims that its actions violated the Ex Post Facto Clause of the United States Constitution, *see id.* at 4, and he demands unspecified monetary damages "for pain and suffering and also for the loss of . . . personal property that [he] had before the parole board issue[d] a warrant without authority for [his] rearrest[.]" *Id.* at 5.

The Court construes the complaint as a civil rights action under 42 U.S.C. § 1983 against



3

the United States Parole Commission ("USPC").  To recover under § 1983, plaintiff must show that the USPC was acting under color of state law; this provision does not apply to federal officials acting under color of federal law.  *See, e.g., Williams v. United States*, 396 F.3d 412, 415-16 (D.C. Cir. 2005).  The USPC is a federal entity, *see* D.C. Code § 24-133 (a) (2001) (establishing CSOSA "within the executive branch of the Federal Government"), and, therefore, is not subject to suit under § 1983.  Moreover, sovereign immunity bars a claim for money damages against the USPC because of its status as a federal government entity.  *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005) ("Despite its role in administering parole for D.C. Code offenders, the [USPC] retains the immunity it is due as an arm of the federal sovereign.").  Accordingly, the Court will dismiss this action for lack of subject matter jurisdiction.  *See, e.g., Epps v. Howes*, No. 06-717(RMC), 2007 WL 2248072, at *3 (D.D.C. July 31, 2007) (dismissing claims brought under 42 U.S.C. §1983 against the United States, the Department of Justice, and the USPC for lack of subject matter jurisdiction because these entities were protected from suit by sovereign immunity).

An Order is issued separately.

*/s/ Henry H. Kennedy*
United States District Judge

DATE: 2/20/2010